**In the Matter of J.M.L., A Juvenile.**

No. 08–06–00015–CV.

Court of Appeals of Texas,
El Paso.

Oct. 25, 2007.

M. Clara Hernandez, El Paso, TX, for Appellant.

Jose R. Rodriguez, County Atty., El Paso, TX, for State.

Before CHEW, C.J., McCLURE, and CARR, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

J.M.L., a juvenile, appeals from a disposition order committing him to the Texas Youth Commission. Appellant waived his right to a jury trial and the juvenile court found that Appellant engaged in delinquent conduct by committing the offense of possession of more than five pounds but less than fifty pounds of marihuana. Finding that removal from the home was in Appellant's best interest and that there was no alternative to removal due to his status as a foreign national, the juvenile court committed Appellant to TYC. We affirm.

## FACTUAL SUMMARY

On November 8, 2005, sixteen-year-old Appellant waived his right to a jury trial and entered a plea of true to an allegation that he possessed less than fifty pounds but more than five pounds of marihuana. The juvenile court set the disposition hearing for December 8, 2005 and ordered the juvenile probation department to complete a pre-disposition report. A juvenile probation officer, Kim Schumate, conducted an investigation and prepared the pre-disposition report. Schumate recommended that Appellant be removed from the home and committed to TYC because Appellant was not a U.S. citizen, his mother had not established his resident status in the United States, and INS had placed a detainer on him. Schumate testified at the disposition hearing that Appellant's mother is a U.S. citizen but Appellant was born in Mexico. INS advised Schumate that Appellant has a potential claim of derivative U.S. citizenship but it required that his mother initiate the documentation process. If Appellant were a U.S. citizen, Schumate would have considered recommending supervised juvenile probation. The juvenile court questioned Appellant's mother during the disposition hearing regarding her failure to file the appropriate documents with INS to establish derivative citizen-

ship. She claimed that she had filed an application in 1994 but it was lost and she had not re-filed it. She went to INS before the disposition hearing but she had not returned the form they had given her. The juvenile court found that placement outside of the home was in Appellant's best interests, that Appellant's home did not provide the quality of care and level of support and supervision needed to meet the conditions of probation, and that no efforts could be made to prevent or eliminate removal because Appellant is a foreign national and there are no programs or alternatives to prevent removal. Based on these findings, the juvenile court committed Appellant to TYC.

## COMMITMENT TO TYC

In his sole issue for review, Appellant contends the juvenile court abused its discretion by committing him to TYC based solely on his citizenship status. He argues that there is an issue of fact regarding his citizenship status and the juvenile court should have resolved the issue before committing Appellant to TYC, even if it required continuing the disposition hearing to a later date.

The Family Code provides that if the juvenile court commits the child to the Texas Youth Commission, the court:

(1) shall include in its order its determination that:

(A) it is in the child's best interests to be placed outside the child's home;

(B) reasonable efforts were made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return to the child's home; and

(C) the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation.

Tex.Fam.Code Ann. § 54.04(i)(1)(Vernon Supp.2006).

In a juvenile case, the trial court possesses broad discretion to determine a suitable disposition of a child who has been adjudicated to have engaged in delinquent conduct. *In the Matter of A.S.*, 954 S.W.2d 855, 861 (Tex.App.-El Paso 1997, no pet.). The juvenile court's findings of fact made pursuant to Section 54.04(i) are reviewable for legal and factual sufficiency of the evidence using the same standards we apply in reviewing the legal or factual sufficiency of the evidence supporting a jury's findings. *Id.* We do not disturb the juvenile court's disposition order in the absence of an abuse of discretion. *Id.* In conducting this review, we engage in a two-pronged analysis: (1) Did the trial court have sufficient information upon which to exercise its discretion; and (2) Did the trial court err in its application of discretion? *In the Matter of M.A.C.*, 999 S.W.2d 442, 446 (Tex.App.-El Paso 1999, no pet.). The traditional sufficiency of the evidence standards of review come into play when considering the first question. *Id.* We then proceed to determine whether, based on the elicited evidence, the trial court made a reasonable decision or whether it is arbitrary and unreasonable. *Id.* The question is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but whether the court acted without reference to any guiding rules and principles. *Id., citing Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex.1985). The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id.*

The findings in the disposition order need not be supported by proof be-

yond a reasonable doubt. Consequently, we apply the traditional legal and factual sufficiency standards of review applicable in civil cases. *See A.S.*, 954 S.W.2d at 858. In considering a "no evidence" legal sufficiency issue, we consider only the evidence and inferences that tend to support the challenged finding and disregard all evidence and inferences to the contrary. *See Weirich v. Weirich*, 833 S.W.2d 942, 945 (Tex.1992). If any probative evidence supports the finding, it must be upheld. *Sotelo v. Gonzales*, 170 S.W.3d 783, 787 (Tex. App.-El Paso 2005, no pet.).

■ "Insufficient evidence" or factual insufficiency involves a finding that is so against the great weight and preponderance of the evidence as to be manifestly wrong. *Sotelo*, 170 S.W.3d at 787. In reviewing an issue asserting that a finding is factually insufficient or against the great weight and preponderance of the evidence, we must consider all of the evidence, both the evidence which tends to prove the existence of a vital fact, as well as evidence which tends to disprove its existence. *Id.* It is for the fact finder to determine the weight to be given to the testimony and to resolve any conflicts in the evidence. *Id.* The trial court's finding must be so against the great weight and preponderance of the evidence as to be manifestly wrong. *Id.*

Appellant does not challenge the juvenile court's finding that it is in Appellant's best interest that he be removed from his home. Likewise, his brief does not address whether the evidence supports the juvenile court's finding that Appellant, in his home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation. Appellant restricts his argument to the juvenile court's determination that no efforts could be made to prevent or eliminate removal from the home because Appellant is a foreign national.

■ The evidence at the disposition hearing established that Appellant's mother is a United States citizen. No specific evidence was offered regarding the citizenship of Appellant's father. He presently lives in Mexico and Appellant has not seen him since 1994. Appellant was born in Mexico but he has resided with his mother in the United States since 1994. Appellant elicited testimony from Schumate that Appellant is not a United States citizen and he is undocumented. Schumate testified, based on her conversations with INS, that Appellant has a potential claim for derivative citizenship but it requires that his mother initiate the process and offer proof related to residence. It is undisputed that Appellant's mother has not taken steps to establish Appellant's residency or his dual citizenship. When the trial court informed Appellant that he was committing him to TYC and suggested that his mother should in the meantime establish his status in the United States so that he would not be deported when released, Appellant responded that his mother could not do that because she was not living in the United States prior to his birth.

The pertinent portions of the Immigration and Nationality Act, 8 U.S.C.A. § 1401, provide that the following persons shall be nationals and citizens of the United States at birth:

(c) a person born outside of the United States and its outlying possessions of parents both of whom are citizens of the United States and one of whom has had a residence in the United States or one of its outlying possessions, prior to the birth of such person;

(d) a person born outside of the United States and its outlying possessions of parents one of whom is a citizen of the United States who has been physically present in the United States or one of its outlying possessions for a continuous

period of one year prior to the birth of such person, and the other of whom is a national, but not a citizen of the United States;

(e) a person born in an outlying possession of the United States of parents one of whom is a citizen of the United States who has been physically present in the United States or one of its outlying possessions for a continuous period of one year at any time prior to the birth of such person;

. . .

(g) a person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than five years, at least two of which were after attaining the age of fourteen years: *Provided,* That any periods of honorable service in the Armed Forces of the United States, or periods of employment with the United States Government or with an international organization as that term is defined in section 288 of Title 22 by such citizen parent, or any periods during which such citizen parent is physically present abroad as the dependent unmarried son or daughter and a member of the household of a person (A) honorably serving with the Armed Forces of the United States, or (B) employed by the United States Government or an international organization as defined in section 288 of Title 22, may be included in order to satisfy the physical-presence requirement of this paragraph. This proviso shall be applicable to persons born on or after December 24, 1952, to the same extent as if it had become effective in its present form on that date.

8 U.S.C.A. § 1401(c), (d), (e) and (g)(West 2005).

Given the absence of evidence regarding the nationality and citizenship status of Appellant's father, it is unclear which of these subsections apply to Appellant. However, each of them requires that a parent who is a United States citizen must have resided in the United States prior the birth of the child. There is no evidence that either of Appellant's parents resided in the United States prior to his birth. Although Appellant was not sworn, he stated in open court that his mother had not resided in the United States prior to his birth. We therefore conclude that the evidence is legally sufficient to support the juvenile court's conclusion that Appellant is an undocumented foreign national, and therefore, no steps could be taken to prevent his removal from the home.

▇▇ Schumate testified that INS advised her that Appellant has a claim for derivative U.S. citizenship and she agreed with Appellant's counsel that Appellant has a "very good claim." But she acknowledged that his claim required his mother to file an application and provide evidence to support it. Appellant's mother had not taken these steps even though Appellant had been living in the United States for more than ten years at the time of the disposition hearing. She had picked up an application some time prior to the disposition hearing but she had not returned it. We find that the evidence is factually sufficient to support the juvenile court's finding that no steps could be taken to prevent removal from the home because Appellant is an undocumented foreign national.

We next consider whether the juvenile court abused its discretion in committing Appellant to TYC. Appellant contends that there is an abuse of discretion because the

juvenile court committed him to TYC without giving him an opportunity to pursue his derivative citizenship claim. Appellant did not move for a continuance. Nevertheless, he complains that the juvenile court should have continued the disposition hearing on its own motion because the citizenship issue was unresolved. Appellant cites no authority for the proposition that the juvenile court had a duty to continue the disposition hearing on its own motion and we are aware of none. Even assuming the juvenile court had such a duty and Appellant has a valid claim for derivative citizenship, the juvenile court found that it was in Appellant's best interest that he be removed from the home and that his home did not provide him the quality of care and level of support and supervision that he needed to meet the conditions of probation. Appellant has not challenged these findings on appeal. Consequently, juvenile probation was not an available alternative disposition. We overrule the sole point and affirm the disposition order.

DAVID WELLINGTON CHEW, Justice, concurring.

I agree with the analysis and result. But I write separately to make two points.

First, the acquisition of American citizenship at birth abroad has always been dependent upon the satisfaction of preliminary residence or physical presence in the United States by the transmitting United States citizen parent or parents. While it was the Appellant's burden here to establish those necessary conditions precedent, I want to highlight that U.S. citizenship, if it is acquired, is acquired at birth, and not when the Department of Homeland Security or the Department of State approve the issuance of an official document that says he is a U.S. citizen.

Secondly, I want to note that Appellant might also have acquired U.S. citizenship as a child born abroad and out of wedlock, and the condition precedent is that the U.S. citizen mother was physically present in the United States for a continuous period of one year. 8 U.S.C.A. § 1409(c).